**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHAD M.[1],                                                    Case No: 1:21-cv-682

            Plaintiff,                                    Barrett, J.
v.                                                                          Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

**MEMORANDUM ORDER**

**I.       Background**

In October 2021, through counsel, Plaintiff Chad M. filed this Social Security appeal to challenge the Defendant's finding that he was not disabled. *See* 42 U.S.C. §405(g). Pursuant to the joint stipulation of the parties, this Court reversed and remanded to the Commissioner for further review by the Social Security Agency. (*See* Docs. 8, 9). Thereafter, Plaintiff's counsel timely filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 10). The Court granted that unopposed motion, awarding counsel the sum of $2,781.80. (Doc. 11).

After remand, on December 23, 2022, an ALJ issued a fully favorable written decision. (Doc. 12-1). A year later, Plaintiff's counsel returns to this Court to seek an additional award of $10,000.00 in attorney's fees under 42 U.S.C. § 406(b). Because Plaintiff has failed to provide the information necessary for this Court to evaluate the request, the Court declines to make an additional award at this time. Still, given the

---

[1] Due to significant privacy concerns in social security cases, this Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

excellent results achieved, the Court will fully consider the motion for an additional fee award <u>if counsel promptly supplements the motion</u>.

## II.        Analysis

Unlike the EAJA award previously paid by the United States, a fee under §406(b) impacts the social security claimant, because it is paid directly out of his benefits award.[2] Here, as is typical for requests that do not financially impact the United States, the Commissioner's response states that it neither supports nor opposes the § 406(b) motion. (Doc. 13). The response further acknowledges that the fee request remains subject to additional judicial review under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to determine the "reasonableness" of any award. Under that authority, a contingency fee may be reduced if the fee requested would constitute a windfall. *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*).

Published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (*citing Gisbrecht*, 535 U.S. at 807); *see also*, *generally*, *Ringel v. Comm'r*, 295 F. Supp.3d 816 (S.D. Ohio 2018) (identifying five key "guideposts" used to determine whether a § 406(b) fee request constitutes a windfall). In the above-captioned case, Plaintiff's counsel has failed to provide critical information that this Court requires in order to determine whether the requested fee is reasonable.

---

[2]The prior EAJA fee may be refunded to Plaintiff or, alternatively, may be applied as an offset against any additional fee awarded under § 406(b) in order to avoid a duplicate recovery.

**The Lack of a Contingency Fee Agreement**

Plaintiff's motion refers to a "legal contract, where Plaintiff and the undersigned Counsel agreed that the attorney fee would be 25% of total past due benefits." (Doc. 12 at ¶8). Notwithstanding the motion's reference to an "attached" agreement, no such contract is attached. Instead, the only form submitted to this Court is counsel's "Petition for Authorization to Charge and Collect a Fee for Services before the Social Security Administration" (Form SSA-1560). The agency form pertains solely to counsel's request for fees for the services she provided to Plaintiff at the administrative level under 42 U.S.C. § 406(a), and is not a contingency agreement to pay fees under 42 U.S.C. §406(b). In other words, even if it were signed by Plaintiff (it is not), the agency form neither refers to nor authorizes any fee for services performed *before this Court*.

**The Lack of Information Regarding Hours Expended by Counsel**

As stated, this Court has an affirmative duty to determine whether the fee sought by counsel under § 406(b) is reasonable or constitutes a windfall. In order to make that determination, "the court may require the claimant's attorney to submit … a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 122 S.Ct. at 1828, 535 U.S. at 808; *see also Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990) (providing that if the contingency agreement authorizes an award that is less than twice the "standard rate" of counsel, it is not a windfall). Here, counsel has failed to submit *any record at all* of how many hours counsel spent on work performed in this Court. The only information that counsel offers is a contemporaneous time record of the 14.75 hours she spent on work performed before the agency under 42 U.S.C. § 406(a). But hours spent before the

3

agency are irrelevant because "[t]his Court is legally prohibited from considering time other than spent before this Court." *Ringel*, 295 F.Supp.3d at 836.

**The Motion is Untimely**

The third facially apparent flaw is that the motion is untimely under Local Rule 54.2(b). For the past eight years, since 2016, Local Rule 54.2(b) has required motions seeking fees under 42 U.S.C. § 406(b) to be filed "no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later." In this case, the Notice of Award is dated September 30, 2023, making counsel's motion due on or before November 14, 2023.[3] Therefore, the motion is three weeks late.

A motion for an extension of the 45-day period may be granted for good cause. But counsel filed no such motion in this case. Prior to the enactment of LR 54.2(b), most courts held that the time frame for filing a motion for fees under § 406(b) was governed by an even shorter 14-day period under Rule 54(d)(2), Fed. R. Civ. P. To avoid harsh results, courts frequently applied equitable tolling to extend the time period to a "reasonable" period of time. *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006). The adoption of LR 54.2(b) does not preclude the application of equitable tolling in an appropriate case.

**III.    Conclusion and Order**

For the reasons stated, it is **ORDERED THAT:**

1. **On or before March 8, 2024**, **Plaintiff's counsel shall SHOW CAUSE** why

---

[3]Regrettably, counsel has included with her motion an unrelated Notice of Award dated July 26, 2023 addressed to an entirely different claimant. (Doc. 12-2).  Fortunately, counsel has also included the correct Notice of Award addressed to Plaintiff Chad M. (Doc. 12-3, PageID 2115-2122).

the pending motion for fees under 42 U.S.C. § 406(b) (Doc. 12) should not be DENIED as untimely and for failure to submit adequate information to determine the reasonableness of the requested fee;

2. In any response to this order, counsel shall include information pertaining to the timeliness of the § 406(b) motion, the number of hours expended in this Court, counsel's usual hourly rate, and any contingency fee agreement. Counsel also should include any other relevant information discussed in the cited case law;

3. A failure to timely respond to this Order will result in a Report and Recommendation recommending denial of the pending motion for fees.


        _s/Stephanie K. Bowman_____
        Stephanie K. Bowman
        United States Magistrate Judge